UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MATTHEW J. MORAIRITY,

                    Petitioner,

v.                                    Case No. 3:06-cv-46-J-33JRK

WALTER A. MCNEIL,[1] et al.,

                    Respondents.

_____

**<u>ORDER</u>**

**<u>I. Status</u>**

        Petitioner Matthew J. Morairity, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #2) pursuant to 28 U.S.C. § 2254 on January 6, 2006.  Petitioner challenges a 2003 state court (St. Johns County, Florida) judgment of conviction for aggravated assault with a deadly weapon and possession of a firearm by a convicted felon on the following grounds: (1) ineffective

_____

        [1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Walter A. McNeil is substituted for James R. McDonough as the proper party Respondent having custody over Petitioner.

assistance of trial counsel for failure to investigate and call four witnesses (Marshall Stevens, Marc McCorkle, Detective William Werle and Detective Howard Cole); (2) ineffective assistance of trial counsel for coercing him to enter a plea; (3) ineffective assistance of counsel for allowing Petitioner to enter the plea while on psychotropic drugs; and (4) ineffective assistance of counsel for failure to discover mistakes on the face of the record.

Respondents have responded. See Respondents' Response to Petition (Doc. #12). In support of their contentions, they have submitted exhibits.[2] Petitioner was given admonitions and a time frame to respond. See Court's Order to Show Cause and Notice to Petitioner (Doc. #11). Petitioner has responded. See Petitioner's Traverse to Respondents' Answer (Doc. #14). This case is now ripe for review.

## II. Procedural History

On March 27, 2003, Petitioner was charged, by Information, with aggravated assault with a deadly weapon, improper exhibition of a dangerous weapon and possession of a firearm by a convicted felon for acts committed on or about March 6, 2003. Ex. A, Case No. CF-03-794, Information. Petitioner entered a plea of nolo contendere and was sentenced on April 15, 2003, to a total of three years of probation. Ex. B.

---

[2] The Court will hereinafter refer to Respondents' exhibits, attached to their Response, as "Ex." See Appendix (Doc. #13).

On August 28, 2003, Petitioner was charged, by Information, with possession of a firearm by a convicted felon for acts committed on or about August 12, 2003. Ex. C, Case No. CF-03-2157, Information. On September 11, 2003, Petitioner entered a plea of nolo contendere on the new charge as well as to the violation of probation. Ex. D. Petitioner's probation was revoked, and he was sentenced as follows: five years of incarceration for the offense of aggravated assault (Case No. CF-03-794, count one); time served for the offense of improper exhibition of a firearm or dangerous weapon (Case No. CF-03-794, count two); ten years of incarceration with credit for 69 days of time served for the offense of possession of a firearm by a convicted felon (Case No. CF-03-794, count three); and, ten years of incarceration with credit for 29 days of time served for the offense of possession of a firearm by a convicted felon (Case No. CF-03-2157). Ex. D, Transcript of the Plea Proceeding (hereinafter Tr.) at 9-10; Ex. E, Judgment. The trial judge stated that the sentences would run concurrently to each other. Tr. at 10; Ex. E.

On appeal, Petitioner's appellate counsel filed a brief in compliance with Anders v. California, 386 U.S. 738 (1967). Further, counsel raised the following issue: whether the trial court erred in accepting Petitioner's plea and in sentencing Petitioner. Ex. F, Initial Brief of Appellant. Appellate counsel also filed a motion to withdraw, stating that counsel had carefully

3

reviewed the case and was unable to argue in good faith any reversible error of the trial court. Ex. F, Motion to Withdraw. On February 17, 2004, the appellate court per curiam affirmed without issuing a written opinion. <u>Moriarity v. State</u>, 866 So.2d 1229 (Fla. 5th DCA 2004); Ex. G.[3] The mandate was issued on March 5, 2004. Ex. H.

On or about March 8, 2004, Petitioner filed a *pro se* motion to correct illegal sentence pursuant to Fla. R. Crim. P. 3.800, in which he alleged scoring errors in his guidelines scoresheet. Ex. I. The trial court, on March 12, 2004, denied the motion to correct illegal sentence and stated in pertinent part:

> THIS CAUSE came on to be heard upon the Defendant's Motion to Correct an Illegal Sentence. The Defendant alleges that there are matters scored on his criminal punishment code scoresheet, which are incorrectly scored and therefore his sentence is illegal. The Defendant entered into a negotiated plea for a negotiated sentence. The Court then imposed that sentence. The sentence is within the statutory maximums; the fact that the scoresheet might be in error is immaterial to the Defendant's sentence.

Ex. J.

---

[3] Although Petitioner's name was spelled "Moriarity" in the case name, the record before this Court and the website for the Florida Department of Corrections reflect that the proper spelling is "Morairity." <u>See</u> http://www.dc.state.fl.us/ActiveInmates (website for the Florida Department of Corrections). Therefore, this Court will refer to Petitioner as "Morairity" throughout this Order.

On August 24, 2004, the appellate court per curiam affirmed without issuing a written opinion. Moriarity v. Florida, 882 So.2d 396 (Fla. 5th DCA 2004); Ex. K.   The mandate was issued on September 13, 2004.  Ex. L.

On or about April 29, 2005, Petitioner filed a pro se motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850, in which he raised the following grounds: (1) ineffective assistance of trial counsel for failure to investigate and call Marshall Stevens, Marc McCorkle, Detective William Werle and Detective Howard Cole; (2) ineffective assistance of trial counsel for coercing Petitioner to enter a plea; (3) ineffective assistance of trial counsel for failure to present fingerprint evidence that would prove Petitioner never handled or was in possession of the firearm; (4) ineffective assistance of trial counsel for rendering bad advice and allowing Petitioner to enter a plea while he was on prescribed psychotropic medication; (5) ineffective assistance of trial counsel for failure to discover the fraudulent mistakes on the face of the record; and (6) whether the jurisdictional defect on the State's Information, the charging affidavit and the probable cause affidavit strips the court of its power to act, hear or decide a judgment and sentence.  Ex. M.

On May 18, 2005, the trial court denied the Rule 3.850 motion. Ex. N.  On appeal, in accordance with the appellate court's order for the State to respond, the State responded.  Ex. O, State's

Response.   On November 8, 2005, the appellate court per curiam affirmed without issuing a written opinion.  <u>Morairity v. Florida</u>, 914 So.2d 979 (Fla. 5th DCA 2005); Ex. P.  The mandate was issued on November 28, 2005.  Ex. Q.

The Petition is timely filed within the one-year period of limitation.  <u>See</u> 28 U.S.C. § 2244(d).

### III. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." <u>Schriro v. Landrigan</u>, 127 S.Ct. 1933, 1940 (2007) (citation omitted).  "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." <u>Id</u>.

This Court has carefully reviewed the record and concludes Petitioner is not entitled to an evidentiary hearing.   The pertinent facts of the case are fully developed in the record before the Court.  <u>Smith v. Singletary</u>, 170 F.3d 1051, 1054 (11th Cir. 1999).  Thus, the Court can "adequately assess [Petitioner's] claim[s] without further factual development."  <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert</u>. <u>denied</u>, 541 U.S. 1034

(2004).  Therefore, an evidentiary hearing will not be conducted by this Court.

## IV.  Standard of Review

Since this action was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (hereinafter AEDPA), April 24, 1996, the Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by AEDPA.  Nelson v. Alabama, 292 F.3d 1291, 1294-95 (11th Cir. 2002), cert. denied, 538 U.S. 926 (2003); Fugate v. Head, 261 F.3d 1206, 1215 n.10 (11th Cir. 2001), cert. denied, 535 U.S. 1104 (2002); Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).  Under AEDPA, however, the review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

The Eleventh Circuit has explained this deferential review of state court adjudications:

> [Section] 2254(d) allows federal habeas relief
> for a claim adjudicated on the merits in state
> court only if the state court adjudication
> resulted in a decision that was:  "(1) . . .
> contrary to, or involved an unreasonable[4]

---

[4] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro v. Landrigan, 127 S.Ct. at 1939 (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

application of, clearly established Federal
law, as determined by the Supreme Court of the
United States; or (2) . . . based on an
unreasonable determination of the facts in
light of the evidence presented in the State
court proceeding." 28 U.S.C. § 2254(d);
<u>Marquard</u>, 429 F.3d at 1303. The phrase
"clearly established Federal law," as used in
§ 2254(d)(1), encompasses only the holdings,
as opposed to the dicta, of the United States
Supreme Court as of the time of the relevant
state court decision. <u>See</u> <u>Carey v. Musladin</u>,
549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d
482 (2006) (citing <u>Williams v. Taylor</u>, 529
U.S. 362, 412, 120 S.Ct. 1495, 1523, 146
L.Ed.2d 389 (2000)); <u>Osborne v. Terry</u>, 466
F.3d 1298, 1305 (11th Cir. 2006).

<u>Stewart</u>, 476 F.3d at 1208-09.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' § 2254(e)(1)." <u>Schriro</u>, 127 S.Ct. at 1939-40 (footnote omitted). This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing <u>Sumner v. Mata</u>, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. <u>Wright v. Sec'y for the Dep't of</u>

8

_Corr._, 278 F.3d 1245, 1255 (11th Cir. 2002), _cert_. _denied_, 538 U.S. 906 (2003).  _See_ _Peoples v. Campbell_, 377 F.3d 1208, 1227 (11th Cir. 2004), _cert_. _denied_, 545 U.S. 1142 (2005).  Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under the new § 2254(d).

## V. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel.  That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." _Yarborough v. Gentry_, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted).  The Eleventh Circuit captured the essence of an ineffectiveness claim:

> [A] petitioner must show that his lawyer's performance fell below an "objective standard of reasonableness" and that the lawyer's deficient performance prejudiced the petitioner.  _See_ _Strickland v. Washington_, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  Establishing these two elements is not easy:  "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." _Waters v. Thomas_, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting _Rogers v. Zant_, 13 F.3d 384, 386 (11th Cir. 1994)).
>
> For assessing a lawyer's performance, _Chandler v. United States_, 218 F.3d 1305 (11th Cir. 2000) (en banc) _cert_. _denied_, 531 U.S. 1204, 121 S.Ct. 1217, 149 L.Ed.2d 129 (2001), sets out the basic law:  "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." _Id_. at

9

1314 (internal marks omitted). . . . Our role in reviewing an ineffective assistance claim is not to "grade" a lawyer's performance; instead, we determine only whether a lawyer's performance was within "the wide range of professionally competent assistance." <u>See Strickland</u>, 104 S.Ct. at 2066.

The inquiry into whether a lawyer has provided effective assistance is an objective one:  a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." <u>See Chandler</u>, 218 F.3d at 1315. . . .

A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high.  "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding.  Virtually every act or omission of counsel would meet that test."  <u>Strickland</u>, 104 S.Ct. at 2067. Instead, a petitioner must establish that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given adequate assistance.  <u>See id</u>. at 2068.

<u>Van Poyck v. Florida Dep't of Corrections</u>, 290 F.3d 1318, 1322-23 (11th Cir. 2002) (per curiam) (footnotes omitted), <u>cert</u>. <u>denied</u>, 537 U.S. 812 (2002), 537 U.S. 1105 (2003).

In sum, "[w]ithout proof of both deficient performance and prejudice to the defense, . . . it could not be said that the sentence or conviction 'resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable,' and the sentence or conviction should stand."  <u>Bell v. Cone</u>, 535 U.S. 685, 695 (2002) (internal citation omitted) (quoting <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984)).

In <u>Hill v. Lockhart</u>, 474 U.S. 52, 58-59 (1985) (footnote omitted), the Court held:

> that the two-part <u>Strickland v. Washington</u> test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the <u>Strickland v. Washington</u> test is nothing more than a restatement of the standard of attorney competence already set forth in <u>Tollett v. Henderson</u>, <u>supra</u>, and <u>McMann v. Richardson</u>, <u>supra</u>. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

Ineffective assistance of counsel may also require that a plea be set aside on the ground that it was involuntary because voluntariness implicates not only threats and inducements but also ignorance and incomprehension. <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. at 56 (quoting <u>North Carolina v. Alford</u>, 400 U.S. 25, 31 (1970)) (noting that the "longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'").

> "A guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" <u>Cuyler v. Sullivan</u>, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980) (quoting <u>McMann v. Richardson</u>, 397 U.S. 759, 770, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763 (1970)); <u>see</u>

11

> Hill v. Lockhart, 474 U.S. 52, 58-59, 106
> S.Ct. 366, 370-71, 88 L.Ed.2d 203 (1985)
> (holding that, in the plea context, a habeas
> petitioner establishes ineffective assistance
> of counsel by demonstrating that counsel's
> advice and performance fell below an objective
> standard of reasonableness, based upon which
> he pled guilty).   For a guilty plea to
> "represent an informed choice" so that it is
> constitutionally "knowing and voluntary," the
> "[c]ounsel must be familiar with the facts and
> the law in order to advise the defendant of
> the options available." Scott v. Wainwright,
> 698 F.2d 427, 429 (11th Cir. 1983).  "The
> failure of an attorney to inform his client of
> the relevant law clearly satisfies the first
> prong of the Strickland analysis . . . as such
> an omission cannot be said to fall within 'the
> wide   range   of   professionally   competent
> assistance' demanded by the Sixth Amendment."
> Hill, 474 U.S. at 62, 106 S.Ct. at 372 (White,
> J.,   concurring)  (quoting  Strickland  v.
> Washington, 466 U.S. 668, 690, 104 S.Ct. 2052,
> 2066, 80 L.Ed.2d 674 (1984)).

Finch v. Vaughn, 67 F.3d 909, 916 (11th Cir. 1995).

A federal habeas court reviews a state court guilty plea only

for compliance with constitutional protections.

> This court has concluded that "[a] reviewing
> federal court may set aside a state court
> guilty plea only for failure to satisfy due
> process:  If a defendant understands the
> charges  against  him,  understands  the
> consequences of a guilty plea, and voluntarily
> chooses to plead guilty, without being coerced
> to do so, the guilty plea . . . will be upheld
> on federal review." Stano v. Dugger, 921 F.2d
> 1125, 1141 (11th Cir.) (en banc), cert.
> denied, ___ U.S. ___, 112 S.Ct. 116, 116 L.Ed.
> 2d 85 (1991).

Jones v. White, 992 F.2d 1548, 1556-57 (11th Cir.), cert. denied,

510 U.S. 967 (1993).

12

Thus, in order for a guilty plea to be constitutionally valid, it must be made knowingly, intelligently, and voluntarily. <u>Pardue v. Burton</u>, 26 F.3d 1093, 1096 (11th Cir. 1994).

> A guilty plea is an admission of criminal conduct as well as the waiver of the right to trial. <u>Brady v. United States</u>, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." <u>Id.</u>; <u>United States v. Fairchild</u>, 803 F.2d 1121, 1123 (11th Cir. 1986) (per curiam).
>
> Reviewing federal courts "may set aside a state court guilty plea only for failure to satisfy due process." <u>Stano v. Dugger</u>, 921 F.2d 1125, 1141 (11th Cir.) (en banc), <u>cert</u>. <u>denied</u>, 502 U.S. 835, 112 S.Ct. 116, 116 L.Ed.2d 85 (1991). "[W]hen it develops that the defendant was not fairly apprised of its consequences" or when "the defendant pleads guilty on a false premise" in the prosecution's plea agreement, a guilty plea violates the Due Process Clause. <u>Mabry v. Johnson</u>, 467 U.S. 504, 509, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984). The Court has instructed that the "essence" of any promises that induce a guilty plea "must in some way be made known" to the defendant. <u>Santobello v. New York</u>, 404 U.S. 257, 261-62, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971).
>
> For a guilty plea to be entered knowingly and intelligently, "'the defendant must have not only the mental competence to understand and appreciate the nature and <u>consequences</u> of his plea but he also must be reasonably informed of the nature of the charges against him, the factual basis underlying those charges, and the <u>legal</u> <u>options</u> <u>and</u> <u>alternative</u> <u>that</u> <u>are</u> <u>available</u>.'" <u>Stano</u>, 921 F.2d at 1142 (citation omitted) (emphasis added). Voluntariness implicates "[i]gnorance,

> incomprehension," and "inducements" as well as
> "coercion, terror" and "threats." <u>Boykin v.
> Alabama</u>, 395 U.S. 238, 242-43, 89 S.Ct. 1709,
> 1712, 23 L.Ed.2d 274 (1969); <u>Stano</u>, 921 F.2d
> at 1141. Thus, "[i]gnorance of the
> consequences of a guilty plea may require its
> rejection." <u>Stano</u>, 921 F.2d at 1141 (citing
> <u>Boykin</u>, 395 U.S. at 243-44, 89 S.Ct. at 1712).

<u>Finch</u>, 67 F.3d at 914-15.

## VI. Findings of Fact and Conclusions of Law

### A. Ground One

As ground one, Petitioner claims that his trial counsel was ineffective for failure to investigate and call the following four witnesses: Marshall Stevens, Marc McCorkle, Detective William Werle and Detective Howard Cole. Petitioner raised this claim in his Rule 3.850 motion, and the trial court adjudicated the claim on the merits. In denying this claim, the trial court identified the two-prong <u>Strickland</u> ineffectiveness test as the controlling law and stated in pertinent part:

> In Count I[,] the Defendant argues that
> his attorney should have investigated and
> called four different witnesses who he argues
> would have benefit[t]ed his case. He argues
> that his attorney should have called Marshall
> Stevens, who would have testified that he had
> not previously told "the whole truth," and
> would have set the record straight. The
> Defendant does not state how the witness'
> testimony would be different or how it would
> have been helpful to his cause, thus, the
> Court cannot determine whether the additional
> evidence would have caused the Defendant's
> attorney to change his plea recommendation.
>
> The Defendant further argues that his
> attorney should have investigated and called

Marc McCorkle, who would have testified that the rifle which was found was placed in the Defendant's closet by him. The witness, however, had already made such a statement to law enforcement by way of a written affidavit, see Exhibit A. The Defendant has not indicated that further investigation would have uncovered any additional information which was not already known to his attorney. Thus, it is unlikely that his attorney's recommendation would have changed had the witness been investigated further.

The Defendant asserts that his attorney should have investigated and called Detective Howard Cole who would have testified that Mr. McCorkle had told him that it was he who had placed the rifle in the closet. Again, this information was already available to the Defendant's attorney. See Exhibit A. The detective could have additionally testified that the Defendant's fingerprints were not found on the gun. However, while the presence of fingerprints may carry significant probative value, in most circumstances, the lack of fingerprints does not carry any great weight. This witness would not likely have caused the attorney to recommend a different plea.

The Defendant further argues that his attorney should have investigated and called Detective Werle, who could have possibly impeached one of the State's witnesses. However, the possibility of impeaching one of the State's collateral witnesses likely would not have caused the Defendant's attorney to recommend a different course of action.

Ex. N at 3-4.

As noted previously, upon Petitioner's appeal, the appellate court per curiam affirmed the trial court's order. Accordingly, the claim was rejected on the merits by the state trial and appellate courts. Thus, there are qualifying state court

15

decisions.   This  ground  should  be  addressed  applying  the
deferential  standard  for  federal  court  review  of  state  court
adjudications,  as  required  by  AEDPA.   Upon  a  thorough  review  of  the
record  and  the  applicable  law,  it  is  clear  that  Petitioner  is  not
entitled  to  relief  on  the  basis  of  this  claim  because  the  state
courts'  adjudications  of  the  claim  were  not  contrary  to  clearly
established  federal  law,  did  not  involve  an  unreasonable
application  of  clearly  established  federal  law,  and  were  not  based
on  an  unreasonable  determination  of  the  facts  in  light  of  the
evidence  presented  in  the  state  court  proceedings.

At  the  plea  hearing,  the  following  colloquy  ensued.

> [DEFENSE  COUNSEL]:  In  Mr.  Moriarity's
> matter,  he  is  facing  a  second-degree  felony  in
> CF03-2157  as  well  as  he's  here  for  a  VOP.   The
> State  has  made  a  combined  offer,  package  deal
> of  ten  years  DOC  with  credit  for  whatever  time
> he  has  served.

> Mr.  Moriarity  has  indicated  to  me  that  he
> wishes  to  tender  a  best  interest  no  contest
> plea  and  accept  that  offer.   And  again  --  he
> asked  me  to  go  back  to  the  State.   I've  talked
> to  the  State  about  four  times  about  this.
> That  is  their  best  offer.   He's  been  made
> aware  of  that,  just  so  the  court  is  clear.

> THE  COURT:  Mr.  Moriarity,  is  that  what
> you  want  to  do?

> THE  DEFENDANT:  Yes,  sir.

> .  .  .  .

> [DEFENSE  COUNSEL]:  I've  told  the
> defendant  he  has  a  choice,  Your  Honor,  to
> either  have  a  trial  or  hearing  or  he  can
> tender  a  plea.   I've  explained  to  him  on  the

16

new charges he's facing up to 15 years, and I've explained to him on the VOP it appears to me he's facing up to 21 years minus any time that he's done.  That is what I've explained to him.  I told him it's up to him as to whether or not he wants to take the plea or not.

THE COURT: Well Mr. Moriarity, do you believe that your plea is in your best interest?

THE DEFENDANT: Yes, sir.

. . . .

THE COURT: Would the State proffer the facts it would be prepared to prove in the case.

[PROSECUTOR]: On or about August 12, 2003, within St. Johns County, Mr. Moriarity did then and there have in his possession a firearm, after having been convicted of a felony.  And that would also serve as a violation of his probation.

. . . .

THE COURT: Do you still want to enter the plea?

THE DEFENDANT: Yes, sir.

Tr. at 3-4, 7-8.

Although a defendant's statements during the plea colloquy are not insurmountable, the Supreme Court held in <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977), that "the representations of the defendant [at a plea hearing], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open

17

court carry a strong presumption of verity." Here, based upon the record before this Court, Petitioner has not overcome this barrier. Based on the record, it is clear that Petitioner was fully informed that he could go to trial, call witnesses and contest the charges; however, he decided to accept the State's plea offer.

## B. Ground Two

As ground two, Petitioner claims that trial counsel was ineffective for coercing him to enter a plea. Petitioner raised this claim in his Rule 3.850 motion, and the trial court adjudicated the claim on the merits. In denying this claim, the trial court identified the two-prong Strickland ineffectiveness test as the controlling law and stated in pertinent part:

> In Count II[,] the Defendant argues that his attorney coerced him into accepting a plea. He states that his attorney told him that he could not beat the charges and that he was facing 30 years in prison. The Court notes that informing a Defendant of the likelihood of success on a case and of the possible penalties are entirely appropriate actions. In addition, the Defendant's contentions are conclusively rebutted by the record. See Exhibit B.

Ex. N at 4.

As noted previously, upon Petitioner's appeal, the appellate court per curiam affirmed the trial court's order. Accordingly, the claim was rejected on the merits by the state trial and appellate courts. Thus, there are qualifying state court decisions. This ground should be addressed applying the

18

deferential standard for federal court review of state court adjudications, as required by AEDPA. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

As previously noted, at the plea hearing, defense counsel commented that he had fully informed Petitioner that he had a choice to either proceed to trial or to enter a plea. Petitioner was informed that he was facing a second-degree felony in CF-03-2157 as well as a violation of his probation and was also fully aware that he faced up to fifteen years of incarceration on the new charge and up to twenty-one years of incarceration on the violation of probation, minus any time he had served. Defense counsel, in accordance with Petitioner's wishes, had returned to the State four times to negotiate a deal for Petitioner. Petitioner was fully aware, at the plea hearing, that he had a choice to go to trial or accept the State's "package deal" of ten years of incarceration with credit for the time that he had already served. At the plea hearing, Petitioner, knowing his options, clearly expressed his desire to enter the plea. Tr. at 4, 6, 7, 8. Finally, Petitioner

confirmed, at the plea hearing, that no one had used any threats, force, pressure or intimidation to make him enter the plea, but rather he believed that the plea was in his best interest. <u>Id</u>. at 7.

## C. Ground Three

As ground three, Petitioner contends that his trial counsel was ineffective for allowing Petitioner to enter the plea while on psychotropic drugs. Petitioner raised this claim in his Rule 3.850 motion, and the trial court adjudicated the claim on the merits. In denying this claim, the trial court identified the two-prong <u>Strickland</u> ineffectiveness test as the controlling law and stated in pertinent part:

> In Count IV[,] the Defendant argues that his attorney was ineffective for allowing him to enter a plea while under the effect of psychotropic medications. The Defendant does not allege that his attorney is an expert in psychopharmacology, or that he is well-versed in the effects of various drugs on the mind. Further, the Defendant does not allege that he was unable to make a voluntary or knowing plea because of the medications. This ground is meritless.

Ex. N at 4-5.

As noted previously, upon Petitioner's appeal, the appellate court per curiam affirmed the trial court's order. Accordingly, the claim was rejected on the merits by the state trial and appellate courts. Thus, there are qualifying state court decisions. This ground should be addressed applying the

deferential standard for federal court review of state court adjudications, as required by AEDPA.  Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

At the plea hearing, the trial judge questioned Petitioner to ensure that his plea was intelligently, knowingly and voluntarily entered.  The following relevant colloquy ensued.

> THE COURT: Have you ever been treated for any mental or emotional disability or do you now suffer from any mental disorder?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Have you had any alcohol or narcotic drugs in the last 24 hours?
>
> THE DEFENDANT: No, sir.

Tr. at 5.  Petitioner actively participated in numerous, responsive exchanges with the trial judge.  Specifically, the record reflects that Petitioner understood the proceedings, was able to ask intelligent questions concerning the consequences of his entering the plea and answered the questions posed to him by the trial judge.  Thus, the trial judge accepted his plea.  Id. at 8.

### D. Ground Four

As ground four, Petitioner contends that his trial counsel was ineffective for failure to discover mistakes on the face of the record.  Petitioner raised this claim in his Rule 3.850 motion, and the trial court adjudicated the claim on the merits.  In denying this claim, the trial court identified the two-prong <u>Strickland</u> ineffectiveness test as the controlling law and stated in pertinent part:

> In Count V[,] the Defendant asserts that his attorney was ineffective for failing to correct numerous errors in court documents. He argues that if the corrected information were known to the State, no Information would have been filed.  The incorrect information noted by the Defendant is insignificant.[5] Even if his attorney had corrected the information, the Court is certain that an Information would have been filed, and that the outcome of the plea process would have been the same.

Ex. N at 5.

As noted previously, upon Petitioner's appeal, the appellate court per curiam affirmed the trial court's order.  Accordingly, the claim was rejected on the merits by the state trial and appellate courts.  Thus, there are qualifying state court decisions.  This ground should be addressed applying the deferential standard for federal court review of state court

---

[5] Specifically, Petitioner alleges that counsel did not discover the mistakes in the Information, the supporting sworn probable cause affidavit and the sworn witness affidavits.

adjudications, as required by AEDPA.  Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state courts' adjudications of the claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

As previously noted, at the plea hearing, Petitioner clearly expressed his desire to enter the plea and accept the State's "package offer" of ten years of incarceration with credit for time served.  Petitioner was aware of the State's Information, charging him with the second-degree felony of possession of a firearm by a convicted felon and was also notified of the violation of probation.  At the plea hearing, the State proffered the facts that it was prepared to prove if they proceeded to trial.  However, knowing his options, Petitioner intelligently, voluntarily and knowingly enter the plea and decided not to go to trial.  Thus, in entering the plea, Petitioner decided to forego calling his own witnesses, cross-examining the State's witnesses and challenging the State's presentation of evidence against him.  Finally, the record reflects that Petitioner understood those constitutional rights that he was giving up by choosing to enter the plea and not proceed to trial.

Accordingly, the Petition will be denied and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. #2) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.    The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

3.    The Clerk of the Court shall close this case.

**DONE AND ORDERED** in chambers in Jacksonville, Florida, this 18th day of January, 2008.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

sc 1/18
c:
Matthew J. Morairity
Ass't Attorney General (Heidt)

24